See also D.C., 142 F.Supp. 316.

Agra B. WILLIAMS, Plaintiff,

v.

AMERICAN SECURITY AND TRUST COMPANY, a corporation, Executor of the Estate of Mary E. Maxwell, deceased,

The Protestant Episcopal Theological Seminary in Virginia, a corporation, et al., Defendants.

Civ. A. No. 5307–49.

United States District Court
District of Columbia.

Jan. 10, 1951.

Austin F. Canfield, William T. Hannan, Washington, D. C., for plaintiff.

John E. Larson, Washington, D. C., Peelle & Nichols, Washington, D. C., for defendants.

BASTIAN, District Judge.

This case is before the Court on counter motions for summary judgment, one filed by the plaintiff and the other by the defendant, the Protestant Episcopal Theological Seminary in Virginia (hereinafter referred to as Defendant Seminary.)

Briefly stated, the facts (which are not seriously in dispute) are as follows:

Mary E. Maxwell was a resident of the District of Columbia at the time of her death, and her will was admitted to probate in the District of Columbia. The residuary estate of the testatrix was directed to be divided between the Defendant Seminary (in trust) and the Virginia Military Institute (also in trust), in equal shares. This suit was filed by

the plaintiff, asking a declaratory judgment and praying that she be decreed to be entitled to the residuum of the estate of the testatrix. It is claimed on behalf of the plaintiff that neither of the institutions named as residuary legatees and devisees can take under the laws of the Commonwealth of Virginia and that, accordingly, the plaintiff, as sole heir of law and next of kin of the testatrix, is entitled to the residue.

Upon the filing of the complaint, the Virginia Military Institute filed a motion to dismiss on the ground that the action against it was in fact one against the Commonwealth of Virginia and, therefore, that action against the Virginia Military Institute may not be maintained in this Court. The motion to dismiss was granted by Judge Matthews. Accordingly, we are concerned here only with the claim against the Defendant Seminary.

After certain preliminary proceedings, the answer of the Defendant Seminary was filed. Thereupon, the plaintiff filed a motion for summary judgment against the Defendant Seminary on the ground that no material issue of fact was presented by the pleadings. This was followed by a cross motion for summary judgment filed by the Defendant Seminary, which, after asking that the plaintiff's motion for summary judgment be denied for failure to establish a ground upon which relief can be granted, asked that a summary judgment be entered in favor of that defendant on the ground that there is no genuine issue as to any material fact and that said defendant is entitled to judgment as a matter of law.

These motions duly came on for argument, were fully and ably argued by counsel for both sides, and extensive briefs have been filed by each party.

The Court is of the opinion that the motion of the plaintiff for summary judgment must be denied and that the motion of the Defendant Seminary for summary judgment must be granted. The reason for the Court's ruling may be summarized as follows:

The Acts of the Assembly of Virginia particularly pertinent to this case are Section 7 of the Acts of the Assembly of Virginia of 1839, Chapter 12; Chapter 80, § 2 of the Virginia Code of 1849; Chapter 80 of the Virginia Code of 1860; Section 2, Chapter 77, of the Virginia Code of 1873; and subsequent Acts involving the same general subject matter. These Acts do not, in the opinion of this Court, prohibit a devise or bequest to an *incorporated* theological seminary. The Act of 1839 has to do with bequests and devises "for the establishment or endowment of any *unincorporated* school, academy or college within this commonwealth for the education of free white persons." (Italics supplied.) After providing how such devises or bequests to unincorporated bodies may be validated, that Act provides:

"7. \* \* \* *Provided,* That nothing in this act contained shall be so construed as to give validity to any devise or bequest to any theological seminary."

After certain changes in Virginia law, § 1420 of the Act of Virginia of 1877, as amended by the Act of 1914, was made to read as follows:

"Sec. 1420. Every gift, grant, devise or bequest which, since the second day of April, in the year one thousand eight hundred and thirty-nine, has been, or at any time hereafter shall be, made for literary purposes, or for the education of white persons within this State, and every gift, grant, devise, or bequest which, since the tenth of April, in the year one thousand eight hundred and sixty-five has been, or at any time hereafter shall be, made for literary purposes, or for the education of colored persons within this State, and every gift, grant, devise or bequest hereafter made for charitable purposes, whether made in any case to a body corporate or unincorporated, or to a natural person, shall be as valid as if made to or for the benefit of a certain natural person,

except such devises or bequests, if any as have failed or become void by virtue of the seventh section of the act of assembly passed on the said second of April, eighteen hundred and thirty-nine, entitled an act concerning devises made to schools, academies, and colleges. Nothing in this section shall be so construed as to give validity to any devise or bequest to or for the use of any unincorporated theological seminary." Acts Va.1914, c. 234.

This section became Section 587 of the Act of 1919; and, while not important to the decision of this case, it was carried into the Code of Virginia of 1950, Section 55–26, in the same language.

It is to be noted that the language:

"except such devises or bequests, if any as have failed or become void by virtue of the seventh section of the act of assembly passed on the said second of April, eighteen hundred and thirty-nine, entitled an act concerning devises made to schools, academies, and colleges"

refers to devises and bequests which have failed and does not apply to devises or bequests which may fail in the future.

It seems to the Court that the last sentence of Section 587 of the Act of 1919, reading:

"Nothing in this section shall be so construed as to give validity to any devise or bequest to or for the use of any unincorporated theological seminary."

is significant and gives force to the contention of the Defendant Seminary that it is only devises and bequests to *unincorporated* theological seminaries which are prohibited, and not those to *incorporated* theological seminaries.

There is nothing in the leading Virginia cases, apparently relied on by both sides, which gives rise to a contrary construction of Virginia law; in fact, those cases bear out the Court's view.

The Court is further of the opinion that the Defendant Seminary is a corporation duly organized under the laws of the Commonwealth of Virginia.

The Court has considered the other contentions of the plaintiff but believes that the above reasons are sufficient to establish the validity of the provision for the Defendant Seminary.

I have always felt it unnecessary, in the case of motions for summary judgment, to prepare findings of fact and conclusions of law; but, as the contrary seems to have been the practice, findings of fact, conclusions of law, and form of judgment should be prepared by counsel and submitted to the Court on notice.